UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Bar Proceeding<br>Disciplinary Docket No. 2026-D185 | Civ. A. No.<br>Filed: October 23, 2026 |

**UNOPPOSED MOTION FOR LEAVE TO FILE NOTICE OF REMOVAL AND ACCOMPANYING MATERIALS UNDER SEAL**

The United States Department of Justice ("Department") respectfully moves this Court pursuant to Local Civil Rule 5.1(h), for an order permitting the Department to file under seal its unredacted "Notice of Removal Limited to Federal-Officer and Federal-Authority Grounds" ("Notice of Removal"), including the identity of the individual involved in the underlying proceeding, the facts concerning the allegations at issue, and the accompanying disciplinary records and Exhibits 1–7. The present motion is not opposed.

In support of this motion, the Department states as follows:

1. The underlying proceeding arises from a confidential attorney-disciplinary investigation governed by Rule XI, § 17 of the Rules Governing the District of Columbia Bar. That Rule expressly requires that proceedings involving allegations of attorney misconduct remain confidential unless and until (1) a petition has been filed under § 8(c) or (2) an informal admonition has been issued. Neither has occurred here. Consequently, the identity of the attorney under investigation, the misconduct allegations, and the related investigatory materials remain confidential under the governing disciplinary framework.

2. Although judicial records are presumptively open to the public, the presumption "is not absolute." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). It may be overcome by sufficient compelling confidentiality interests. *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). Each of the six *Hubbard* factors supports sealing here. *Id. First*, the public's interest in access is outweighed by the confidentiality expressly afforded to attorney disciplinary proceedings under D.C. Bar Rule XI, § 17(a). *Second*, the underlying proceeding and its associated records have not previously been publicly disclosed. *Third*, the Department expressly objects to disclosure of the confidential disciplinary materials. *Fourth*, the privacy and reputational interest of the attorney under investigation, together with the confidentiality interests underlying Rule XI, § 17(a), strongly favor sealing. *Fifth*, public disclosure would irreversibly compromise those interests and potentially prejudice the subject of the investigation. *Sixth*, the materials are submitted solely to establish the grounds for removal, not to disclose otherwise confidential disciplinary allegations. Accordingly, the *Hubbard* factors favor sealing the unredacted Notice of Removal and accompanying exhibits while permitting a redacted public filing.

3. The requested relief is narrowly tailored. The Department seeks to seal the unredacted Notice of Removal and accompanying confidential documents while filing a public redacted version that omits the attorney's identity, the underlying allegations, and other identifying information protected by Rule XI, § 17. The Department also requests authorization to use a non-identifying public caption, to the extent necessary to preserve that confidentiality.

4. The Department submits that these measures appropriately balance the public's right of access against the substantial confidentiality interests implicated by this proceeding, while permitting the Court to review the complete, unredacted record.

WHEREFORE, the United States Department of Justice respectfully requests that this Court grant leave to file the unredacted Notice of Removal and accompanying documents under seal, authorize the filing of redacted public versions and a non-identifying public caption, and maintain the materials under seal pending further order of the Court.

DATE: October 23, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CODY M. POPLIN
Deputy Assistant Attorney General

HILARY K. PERKINS
Director

JACQUELINE COLEMAN SNEAD
Deputy Director

*/s/ Vincent N. DePalo*
VINCENT N. DEPALO (MA Bar No. 689090)
Trial Attorney
Enforcement & Affirmative Litigation Branch
U.S. Department of Justice
450 5th Street, NW
Washington, D.C. 20001
Tel.: (202) 506-0504
Email: Vincent.N.DePalo@usdoj.gov

*Attorneys for the United States of America*

## DUTY TO CONFER UNDER D.D.C. RULE 7.1(m)

Pursuant to D.D.C. Rule 7.1(m), Plaintiff's counsel discussed this motion with opposing counsel on October 23, 2026, in an effort to narrow any areas of disagreement, and opposing counsel have indicated that they will not oppose this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I served the foregoing via email and, to the extent CM/ECF is available to counsel, through the CM/ECF system.

Hamilton P. Fox, III
Disciplinary Counsel
District of Columbia Office of Disciplinary Counsel
515 5th Street NW
Building A, Room 117
Washington, DC 20001

Paul C. Quast
Ann-Drake Stephens
United States Department of Justice
P.O. Box 7146
Washington, DC 20044

/s/ Vincent N. DePalo
Vincent N. DePalo