UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Bar Proceeding Disciplinary Docket No. 2026-D185** | **Civil Action No. 26-3730** |

**MEMORANDUM OPINION AND ORDER**

The United States has moved to file under seal its unredacted "Notice of Removal Limited to Federal-Officer and Federal-Authority Grounds" and accompanying documents. See ECF No. 2-12 (Mot.) at 1. The Government explains that the underlying proceeding that it has removed to federal court "arises from a confidential attorney-disciplinary investigation governed by" District of Columbia Bar Rules. Id. Under Rule XI, § 17(a), such disciplinary proceedings remain confidential unless and until (1) a petition has been filed under Rule XI, § 8(c), or (2) an informal admonition has been issued. See id. Since neither has occurred here, the Government argues, "the identity of the attorney under investigation, the misconduct allegations, and the related investigatory materials remain confidential under the governing disciplinary framework." Id.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motions in any case not already assigned," including "motion[s] to seal the complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a plaintiff filing a civil complaint must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Child.'s Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22)).

## II. Analysis

At this early juncture, the Government has met its burden to overcome the presumption in favor of public access to court records. The Court will address each Hubbard factor in turn.

The first, "the need for public access to the documents at issue," Hubbard, 650 F.2d at 317 (formatting altered), weighs against disclosure. Attorney disciplinary proceedings are expressly afforded confidentiality by D.C. Bar Rule XI, § 17(a). Indeed, that Rule provides that "all proceedings involving allegations of misconduct by an attorney shall be kept confidential" until certain procedural steps occur. See D.C. Bar Rule XI, § 17(a) (emphasis added). Since those steps have not occurred, the Rule governing the underlying proceedings continues to mandate confidentiality in these judicial proceedings. The need for public access to the Notice

of Removal and accompanying documents — like the need for public access to the underlying proceedings — is therefore minimal. The Court will not put the Government between a rock and a hard place by requiring it to sacrifice either its right to confidentiality in the disciplinary proceedings or its right to assert its federal defense in an Article III forum. See Willingham v. Morgan, 395 U.S. 402, 406 (1969).

The second factor is neutral, as "the public did not have prior access to the [unredacted Notice of Removal] because [it] was filed under seal." United States ex rel. Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26 (D.D.C. 2013); cf. CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021) (in assessing second factor, court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit"). The public has no access to the subject or specific facts of the disciplinary proceedings. This factor thus neither favors nor disfavors disclosure. See United States *ex rel.* Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 67–68 (D.D.C. 2011).

The third factors weighs in the Government's favor. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been lodged, and the judge to whom this case is randomly assigned remains free to revisit this sealing decision.

The fourth Hubbard factor further tips the scale in the Government's favor. Revealing the detailed description of the attorney under investigation and the relevant conduct contained in the unredacted Notice of Removal and accompanying confidential documents would impair "the privacy and reputational interest[s] of the attorney under investigation." Mot. at 2. Those very

interests are intended to be safeguarded by the D.C. Bar Rules governing disciplinary proceedings, and unsealing the documents would contravene those underlying protections.

The fifth factor, which concerns prejudice to the party opposing disclosure, is neutral. The Government argues that disclosure of the unredacted Notice of Removal and accompanying documents would "irreversibly compromise" the attorney's privacy and reputational interests and "potentially prejudice the subject of the investigation." Mot. at 2. But the Government does not "identif[y] how the disclosure of the relevant material causes legal prejudice." United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 85 (D.D.C. 2020) (cleaned up); see Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009) (fifth factor did not "weigh strongly" either way when "plaintiffs ha[d] not claimed that unsealing this matter would affect them in any future litigation"). Exposing the attorney's identity and conduct certainly would not affect the disciplinary proceedings below because that information is already known by the decision-makers. Without a more detailed explanation of the potential legal prejudice implicated, the Court cannot conclude that this factor weighs in the Government's favor.

The sixth and final factor, "the purposes for which the documents were introduced," Hubbard, 650 F.2d at 321 (formatting altered), cuts the other way. The Government has not "voluntarily commenced a public proceeding," Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010) — instead, it merely seeks to remove the disciplinary proceedings pending before the District of Columbia Court of Appeals Board on Professional Responsibility. In doing so, however, it has "invoked the jurisdiction of this Court," and thus its Notice of Removal and the accompanying documents were introduced for a public purpose worthy of disclosure. Id. Though it is true that the "materials are submitted solely to establish the grounds for removal," and not to "disclose otherwise confidential disciplinary allegations," the Government clearly

intends for the Court to rely on the sealed materials in deciding the federal-defense question. See Mot. at 2. Because disclosure is the norm when "the parties explicitly intend[] the Court to rely on the sealed materials in adjudicating their dispute," the sixth factor weighs against sealing. Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (cleaned up).

At the end of the day, although the sixth factor weighs in favor of disclosure and the second and fifth are neutral, the other three support sealing, as disclosure would undermine the confidentiality interests enshrined in the underlying D.C. Bar Rule. The Court will therefore grant the Motion, and it will leave any future decision to unseal the documents for the judge to whom the case is randomly assigned. See Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.")

The Court accordingly ORDERS that the Government's [2-12] Motion to File Under Seal is GRANTED, and the unredacted Notice of Removal and accompanying confidential documents shall remain sealed until further Order by the assigned Judge.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 27, 2026